UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEFFERY R. FROEMEL,

                Plaintiff,

v.                                                        Case No. 22-C-827

KAREN SCHOENIKE,

                Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Jeffery Froemel, who is incarcerated at Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. He is proceeding on a deliberate indifference claim based on allegations that Defendant delayed providing him with dental care. On January 5, 2023, Defendant filed a motion for summary judgment on the ground that Froemel failed to exhaust the available administrative remedies before he initiated this lawsuit, along with a motion to stay discovery on the substance of Froemel's claim pending resolution of the summary judgment motion. The Court will grant Defendant's motion to stay discovery on the substance of Froemel's claim. On January 10, 2023, Froemel filed a letter motion raising several issues and requests, which the Court will address in turn.

      First, Froemel asserts that he served discovery requests on November 30, 2022. It is not clear, but it appears that he has not yet received Defendant's responses. Because the Court has granted Defendant's motion to stay discovery on the substance of Froemel's claim, Defendant does not have to respond to Froemel's discovery requests at this time. Defendant's summary judgment motion asserts that Froemel did not file an inmate complaint about the alleged delayed dental care before he filed his lawsuit. The Prison Litigation Reform Act requires that a prisoner complete the available

administrative remedies *before* he files a lawsuit. *See Ross v. Blake*, 578 U.S. 632, 635 (2016). If a defendant proves that a prisoner was able to but did not complete the inmate grievance process before he filed his lawsuit, the Court *must* dismiss the case. At this point, whether Froemel completed the inmate grievance process (or was prevented from doing so) is the only issue before the Court. Whether Defendant delayed providing Froemel with dental care as he alleges is not currently at issue.

Froemel next asks the Court to recruit a lawyer to represent him on a volunteer basis. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).

Froemel has not shown that he made efforts to get a lawyer before asking the Court to recruit a lawyer. His failure to do so is a sufficient basis for the Court to deny his motion, but even if Froemel had provided evidence of his efforts to get a lawyer, the Court would deny his motion at this stage because, as noted, the issue currently before the Court is very straightforward. All Froemel has to do is provide the Court with evidence that he completed the inmate grievance process *before* he filed his lawsuit or that he was somehow prevented from completing the process. For example, Froemel could provide copies of the inmate complaint and appeal that he filed along with the decisions on his

submissions, or he could prepare a declaration explaining what steps he took to complete the process before he filed his lawsuit.[1] Froemel is advised, however, that if he did *not* complete the inmate grievance process before he filed his lawsuit, the Court *must* dismiss this case (or Froemel may choose to voluntarily dismiss it).

Froemel also asks for additional time to respond to Defendant's summary judgment motion. The Court will grant his request. He is advised to review the notice and order the Court entered on January 6, 2023, and the litigation guide that the Court sent along with the screening order. These resources outline the procedural requirements for responding to Defendant's motion. If after reviewing Defendant's summary judgment motion, Froemel agrees that he did not complete the inmate grievance process before he filed this lawsuit and that nothing prevented him from doing so, he may choose to file a motion to voluntarily dismiss this case. If Froemel believes he completed the inmate grievance process or that he was prevented from doing so, he must respond to Defendant's motion, including her proposed statements of fact and legal brief. The Court will extend his deadline to respond to **March 6, 2023**.

Finally, Froemel points out that Defendant now appears to believe that Warden Hepp rather than Dr. Karen Schoenike is the proper Defendant. Warden Hepp was dismissed from this action on September 22, 2022. Karen Schoenike is the only Defendant. It is likely that Defendant's counsel simply forgot to update the caption on her document when she prepared the summary judgment motion.

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery on the substance of Froemel's claim (Dkt. No. 25) is **GRANTED**. If Froemel is able to show that he exhausted the

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

inmate grievance process before he filed his lawsuit or that the process was unavailable to him, the Court will reopen discovery on the substance of his claim.

**IT IS FURTHER ORDERED** that Froemel's motion to appoint counsel (Dkt. No. 28) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Froemel's motion for discovery (Dkt. No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Froemel's motion for an extension of time (Dkt. No. 28) is **GRANTED**. Froemel must respond to Defendant's motion for summary judgment or provide a written explanation of why he is unable to do so by **March 6, 2023**. If Froemel does not respond by the deadline, the Court will assume that Froemel agrees with the facts asserted by Defendant, which will likely result in the Court granting Defendant's motion and dismissing this case. If Froemel agrees with Defendant's motion, he may file a motion to voluntarily dismiss this action.

Dated at Green Bay, Wisconsin this  13th  day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge