UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFERY R. FROEMEL,

                Plaintiff,

v.                                                 Case No. 22-C-827

KAREN SCHOENIKE,

                Defendant.

## DECISION AND ORDER

Plaintiff Jeffery Froemel, who is incarcerated at Waupun Correctional Institution and representing himself, is proceeding on an Eighth Amendment claim against Defendant Dr. Karen Schoenike based on allegations that she was deliberately indifferent to his severe tooth pain. On January 5, 2023, Defendant filed a motion for summary judgment on the ground that Froemel failed to exhaust the available administrative remedies before he initiated this case. Dkt. No. 21. In a notice and order, the Court reminded Froemel that under Civil L. R. 56(b)(2) his response materials were due February 6, 2023. Dkt. No. 27. The Court warned Froemel that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendant as undisputed, which would likely result in summary judgment being granted in Defendant's favor and the case being dismissed. On January 17, 2023, the Court extended Froemel's deadline to respond to March 6, 2023. The extended deadline has passed, and Froemel has not responded to Defendant's motion.

The Court has reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ.

P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant and deemed true as a result of Froemel's failure to respond, the Court concludes that Froemel failed to exhaust the administrative remedies before he filed this case because he did not file any inmate complaints about his dental care claim. Defendant is therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 21) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 16th day of March, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.